**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Marlyce Kemnitz, ) | |
| ) | |
| Plaintiff, ) | **ORDER ADOPTING** |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | Case No. 1:07-cv-102 |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

_____

The plaintiff, Marlyce Kemnitz, filed a complaint on December 17, 2007, seeking judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. See Docket No. 1. The parties filed their respective motions for summary judgment on July 17, 2008, and July 21, 2008. See Docket Nos. 8 and 10. Magistrate Judge Charles S. Miller, Jr. conducted a review of the record and relevant case law and issued a Report and Recommendation on June 3, 2009. See Docket No. 17. Judge Miller recommended that the Commissioner's motion for summary judgment be granted, that Kemnitz's motion for summary judgment be denied, and that the complaint be dismissed with prejudice. The parties were given ten (10) days to file objections to the Report and Recommendation. Kemnitz filed an objection on June 22, 2009. See Docket No. 18.

Kemnitz contends that the Commissioner's final decision is erroneous because (1) the Commissioner introduced a new issue after the Court remanded the case; (2) the Commissioner overlooked the Administrative Law Judge's (ALJ's) error on past relevant work and substantial gainful activity; and (3) the Commissioner shifted his standards on assessing Kemnitz's diagnosis

of multiple sclerosis (MS).  First, Kemnitz contends that on remand,[1] the Commissioner substantively changed the posture of the case.  Kemnitz states,

> The Commissioner, after the second hearing, alleged as "fact" that "the Plaintiff never worked at the substantial gainful activity level."  In fact, the ALJ went even further and found that there was "no past relevant work" rather than "no substantial gainful activity."  This was a substantial and drastic change in the posture of the case after remand, since the Commissioner was now raising an eligibility issue neither contemplated by the remand, nor prepared for by the claimant and counsel.

See Docket No. 18 (citations omitted).  Second, Kemnitz contends that the ALJ's error on past relevant work and substantial gainful activity relates to other elements of the decision because the Commissioner may consider past relevant work as a credibility determination in finding disability.  Kemnitz states,

> Where there is a finding of no past relevant work, the Commissioner is allowed to consider whether or not the application for benefits is for purposes of secondary gain, that is, whether or not the claimant has a financial reason to seek benefits apart from the issue of disability . . . .  In other words, a finding that the claimant had no past relevant work opened up a host of credibility issues that were improper.  More importantly, the claimant was given NO notice to prepare to address the issue of "secondary gain" on remand.

See Docket No. 18 (emphasis in original).  In addition, Kemnitz contends that Judge Miller failed to address misstatements of facts made by the ALJ:

> The Magistrate held that the ALJ "discounted statements made by Dr. Ragland about Kemnitz's pain and functional limitations on the grounds that *they did not reflect his*

---

[1] This case arises from an action filed in Case No. 1:05-cv-125 in which Kemnitz sought judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  The Commissioner filed a motion for summary judgment.  Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation in which he recommended that the Commissioner's motion be denied and that the matter be remanded to the Commissioner for further development of the record.  The Court adopted the Report and Recommendation and ordered that the matter be remanded to the Commissioner for further development of the record.  The Court instructed that Kemnitz's residual functional capacity be assessed and that the resulting determination be based on substantial medical evidence.  On remand, the ALJ determined that Kemnitz was not disabled through June 30, 2004, the date on which she was last insured for disability benefits.  The Social Security Administration's Appeals Council affirmed the ALJ's decision.  Kemnitz now brings this action to again seek review of the Commissioner's final decision.

> *independent opinions and were inconsistent with the objective medical evidence*[.]"
> This is incorrect, because the ALJ actually said two directly contradictory things:
> he noted that Dr. Ragland found credible Marlyce's complaints, and then used this
> very same passage to state that Dr. Ragland did NOT find Marlyce's complaints
> credible. Both the ALJ and the Magistrate fail to note in what manner Dr. Ragland's
> opinion was in [a] way "inconsistent" with the other medical evidence in the record
> of the diagnosis AND the functional limitations of MS. Moreover, the Magistrate
> failed to note that the ALJ directly contradicted the evidence in the record by finding
> that prior to June 30, 2004, Marlyce's MS was a "non-severe impairment" which did
> not prevent her from the ability to do basic work activities, even though she had left
> employment years before (and treated with chiropractic care and exploring the idea
> of back surgery) due to the very impairments she continued to allege as part of her
> disability application. Likewise, the ALJ's errors of record regarding the use of pain
> medication, seeking alternative medical care, and other household activities, were
> not challenged by the Magistrate.

See Docket No. 18 (citations omitted) (emphasis in original). Third, Kemnitz contends that the Commissioner changed his opinion from originally finding that Kemnitz suffered from MS as of June 30, 2004, to later diminishing Kemnitz's diagnosis of MS on remand. Kemnitz states,

> As noted before, the primary component leading to the remand of this case in the
> first place was the failure to properly consider the evidence that supported the
> diagnosis of Marlyce's MS prior to the expiration of her entitlement to benefits.
> Previously, the Commissioner accepted that Marlyce was suffering from MS as of
> June 30, 2004, even though the formal diagnosis was not made until some months
> later. The later attempt to diminish this diagnosis by the ALJ contradicts the record
> as a whole, and undermines the concept of substantial evidence. As was noted by the
> Magistrate, previously the Commissioner did not contest the evidence that supported
> the finding of Marlyce's condition prior to the expiration of her entitlement to
> benefits, but even if he had, there was "substantial evidence" supporting such
> evidence. So it is puzzling why the ALJ made such an effort to disparage the earlier
> finding . . . . The Magistrate's failure to address this inconsistency by the
> Commissioner is likewise difficult to explain.

See Docket No. 18 (citations omitted).

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record, and finds the Report and Recommendation to be persuasive. A careful examination of the record reveals that the ALJ fully considered Kemnitz's testimony about her

3

limitations, the opinions of consulting physicians, the opinions and observations of those physicians treating Kemnitz, and the objective medical data before rendering a judgment in the Commissioner's favor. The Court finds that this conclusion is supported by substantial evidence in the record and, as a result, the Court cannot substitute its judgment for the judgment of the ALJ. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 17) in its entirety. The Plaintiff's motion for summary judgment (Docket No. 10) is **DENIED**, the Commissioner's motion for summary judgment (Docket No. 8) is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court